IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODRICK ELLIOTT, #122155 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv446 |
| MAXEY CERLIANO | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Rodrick Elliott, a pretrial detainee currently confined in the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History and Factual Background.

Plaintiff filed his original complaint on August 6, 2020.[1] In response to the Court's Order (Dkt. #9), Plaintiff filed his amended complaint on September 11, 2020. (Dkt. #10). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 740 (5th Cir. 1986). Plaintiff's amended complaint (Dkt. #10) is the operative pleading in this case.

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's pleading is deemed to have been filed on the date that the prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Although the Clerk of the Court filed Plaintiff's Original Complaint on August 12, 2020, a review of Plaintiff's Original Complaint shows that the complaint was signed and dated on August 6, 2020. The Court assumes the complaint was placed in the jail mail system on August 6, 2020, the date on which Plaintiff signed the complaint.

Plaintiff presents for events that occurred while he was housed at the Gregg County Jail in Longview, Texas. He specifically claims that between 2019 and 2020, he was bitten multiple times by spiders. He states that Sheriff Maxey Cerliano is responsible for ensuring that the jail is sprayed to avoid infestation. He asserts that he required medical attention for his spider bites. Plaintiff is seeking three million dollars for mental anguish and bodily injuries.

Plaintiff attached several Sick Call Requests (SCR) or grievances to his Amended Complaint (Dkt. #10, pp. 6-20). *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (holding that a court is limited to a consideration of the well-pleaded allegations of Plaintiff's complaint, including any attachments thereto or documents incorporated by reference therein); *Wright v. Dollar Tree Stores, Inc.*, 2014 WL 11456816 (N.D. Tex. Sept. 16, 2014). Plaintiff submitted a grievance on June 18, 2019, stating that he was being bitten by spiders multiple times. (Dkt. #10, p. 14). The response to his grievance states: "Being treated with antibiotics." (*Id.*).

Preliminary Screening.

Plaintiff is a pretrial detainee who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both Section 1915(e)(2)(B) and Section 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

## Discussion and Analysis

Plaintiff's condition of confinement claim arises under the Eighth Amendment and its prohibition against cruel and unusual punishment, which prohibits the unnecessary and wanton infliction of pain. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir. 2001); *see also Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").

A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina Cnty., Tex.,* 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter, supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the jail officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

In applying this standard, the determinative question is whether a defendant jail official subjectively knew that a prisoner faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. *Id.* To be found to have been deliberately indifferent, a jail official must be found to have personally been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id.* at 837. The deliberate indifference standard is appropriately applied to Plaintiff's allegations regarding the conditions of his confinement. *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995); *Wilson,* 501 U.S. at 303. Conclusory allegations, however, are not sufficient, and a plaintiff must allege facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group,* 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Plaintiff asserts that he was bitten multiple times by spiders while in the Gregg County Jail. The Gregg County Jail is located in rural East Texas, a land where such creatures are a fact of life. The presence of pests, by itself, is not a constitutional violation. *See Morrison v. Bench*, civil action no. 3:09cv1003, 2009 WL 4858066 (N.D. Tex. Dec. 14, 2009) (finding that prisoner's claim concerning placement in solitary confinement and requiring to relocate to cells which were infested with bugs and mosquitos as frivolous); *Bush v. Monroe*, civil action no. 6:17cv541, 2018 U.S. Dist. LEXIS 145428 (E.D. Tex. July 30, 2018), report adopted at 2018 WL 4042418 (E.D. Tex. Aug. 24, 2018) (finding that living in a leaky cell with insects, broken doors, and rust may be undesirable and uncomfortable but is not itself a constitutional violation, citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Wilson v. Lynaugh*, 878 F.2d 846, 848-49 (5th Cir. 1989)); *Fountain v. Rupert*, civil action no. 6:15cv100, 2018 U.S. Dist. LEXIS 155480 (E.D. Tex. Aug. 6,

2018), report adopted at 2018 WL 4346645 (E.D. Tex. Sept. 12, 2018) (dismissing claim that plaintiff was held in bug-infested cells, absent any specific facts, connection of those conditions to actions by the Defendants, or any showing of harm); *Waller v. Ward*, 2016 WL 7235832 at \*3 (mere presence of pests does not amount to a constitutional violation, collecting cases).

Plaintiff's sole claim that he was bitten by spiders, without more, does not state a constitutional claim. For example, Plaintiff is not alleging that he was denied medical care for the bites that he received. In fact, the June 18, 2019 grievance attached to Plaintiff's amended complaint reflects that he received medical care for his spider bites as the bites were being treated by antibiotics. (Dkt. #10, p. 14).

Specifically, as to Sheriff Cerliano, Plaintiff's amended complaint is devoid of allegations of any personal involvement by Sheriff Cerliano in any part of Plaintiff's incarceration and/or medical care. Plaintiff's Amended Complaint fails to establish that any constitutional deprivation has occurred, let alone one caused by Sheriff Cerliano. Here, Plaintiff declares that Sheriff Cerliano "didn't have the jail sprayed" in his Amended Complaint. (Dkt. #10, p. 3). Accepting Plaintiff's allegation as true that the Sheriff did not have the jail sprayed, he still has not asserted a claim that rises to the level of a constitutional violation. He does not have a *per se* right to have the jail sprayed for pests.

To establish a viable section 1983 claim against a state official, an inmate must show that the state official was personally involved in the alleged constitutional violation. Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see also Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976) (holding that an affirmative link is needed between an injury and conduct of a defendant). Here, Plaintiff has

not alleged that Sheriff Cerliano was personally involved in any alleged constitutional violation. Plaintiff, moreover, has not alleged facts showing that there is a causal link between his spider bites and the alleged failure to spray the jail for pests. For example, the jail could have been sprayed for pests and yet Plaintiff still could have received spider bites. At most, Plaintiff's claim against Sheriff Cerliano sounds in negligence.

The Supreme Court has stated that the Due Process Clause of the Fourteenth Amendment is not implicated by a negligent act of an official causing unintended injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 331–33 (1986). Complaints by prisoners for negligence on the part of jail officials, even where serious injury occurs, do not set out a valid claim under the Civil Rights Act even if such complaints could be valid under state law. *See Bowie v. Procunier,* 808 F.2d 1142 (5th Cir. 1987). Because Plaintiff's claim is one of negligence, which does not set out a valid claim under section 1983, Plaintiff's failure to spray for pests claim lacks merit as a federal civil rights action.

Negligence on the part of jail officials does not rise to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff's negligence claim against Sheriff Cerliano does not rise to the level of a constitutional violation. Negligence is not actionable under § 1983. Accordingly, Plaintiff's claim should be dismissed for failure to state a claim pursuant to title 28 U.S.C. § 1915A(b)(1).

## Recommendation

It is therefore recommended that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 9th day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE